# NOS. 12-19-00402-CR
## 12-19-00403-CR
## 12-20-00005-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CURTIS WAYNE BAGBY,* *APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

Curtis Wayne Bagby appeals his convictions for aggravated assault with a deadly weapon. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se response. We affirm.

## BACKGROUND

Appellant was charged by indictment with three counts of aggravated assault with a deadly weapon by intentionally and knowingly threatening Brady Tribble with imminent bodily injury by shooting at him with a firearm; by intentionally, knowingly, and recklessly causing bodily injury to Linda Tribble by shooting her with a firearm; and by intentionally and knowingly threatening Bryan McLean with imminent bodily injury by shooting at him with a firearm. The indictments further alleged that Appellant used or exhibited a deadly weapon, a firearm, during the commission of each assault. Each count was a second degree felony.[1]

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(1), (2), (b) (West 2019).

In each count of aggravated assault with a deadly weapon, Appellant entered "open" pleas of guilty to the charged offenses. Appellant and his counsel signed various documents in connection with his guilty pleas, including an agreed punishment recommendation and a stipulation of evidence in which he stipulated that each and every allegation contained in the indictments were true and correct and constituted the evidence in each case. He also pleaded "true" to the allegations that he used or exhibited a deadly weapon in each of the charged offenses. The trial court found Appellant to be competent to stand trial in all three counts[2] and accepted Appellant's guilty pleas in each case.

During the sentencing hearing, Brady Tribble, Appellant's ex-father-in-law, testified that on the night of the incident, he had returned to bed with his wife, Linda,[3] after turning off the television and the lights, when "all hell broke loose."[4] He stated that it sounded like "Vietnam going on" as their bedroom was being "filled up with bullets." He remembered Linda saying "[s]omebody's trying to kill us," and stated that Linda was struck in her side by a bullet. Brady testified that Linda had to have surgery and was hospitalized for three or four days. According to Brady, he "knows" that Appellant could harm his family and was particularly worried about his daughter and grandson. Tiffany Bagby, Appellant's ex-wife and mother of their teenage son, testified that prior to the incident, she had not seen Appellant for months. A few days after the incident, she stated that Appellant called her, asked how her father was, and told her that he was responsible for "[shooting] up" her father's house. Tiffany asked Appellant why he had attacked her father, and he said because her father "deserved it." She said that Appellant did not indicate any remorse for his actions. According to Tiffany, she was "very scared" that Appellant could harm her or her family. Both Brady and Tiffany were aware that Appellant had some psychological or mental health issues in the past.

---

[2] Approximately one month after the indictments were filed, the trial court ordered that Appellant be examined to determine his competency to stand trial. The trial court found, for each charge, that Appellant was incompetent to stand trial. On September 14, 2017, the trial court signed an order for an extended mental health commitment, committing Appellant to inpatient care for not longer than twelve months for further examination and treatment towards the specific objective of attaining competency to stand trial. At a status hearing on May 30, 2018, the trial court stated that in January 2018, the hospital reported that Appellant had been restored to competency. The State did not challenge the competency findings, and Appellant's counsel stated that he believed Appellant was competent to stand trial.

[3] At the time of the sentencing hearing, Brady Tribble testified that his wife, Linda, died earlier in 2018. However, both Brady and Tiffany Bagby testified that Linda did not die as a result of the injuries she sustained in the incident.

[4] Bryan McLean was in a different room of the house at the time.

After the sentencing hearing concluded, the trial court found the evidence sufficient to substantiate Appellant's guilty pleas, adjudged Appellant guilty of aggravated assault with a deadly weapon charged in each of the three counts, made an affirmative deadly weapon finding in each of the charged offenses, assessed Appellant's punishment at twenty years of imprisonment for each count, and ordered that the sentences run concurrently. These appeals followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed briefs in compliance with *Anders* and *Gainous*, stating that he diligently reviewed the appellate records and is of the opinion that the records reflect no reversible error and that there is no error upon which an appeal in each case can be predicated. From our review of counsel's briefs, it is apparent that counsel is well acquainted with the facts in these cases. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's briefs present a chronological summation of the procedural history of each case, and further state that counsel is unable to raise any arguable issues for appeal in these cases.

Appellant filed a pro se response.[5] According to Appellant, he was denied his rights to due process, to select counsel of his own choice, and to effective representation or assistance of counsel. He said that his appointed appellate attorney withdrew, stating that he, the appellate counsel, found no cause for reversible error. Appellant alleged that the court erred when it permitted his appellate counsel to withdraw and designated him, the Appellant, "inexperienced and basically unprepared," to continue as lead counsel. He also alleged that the court's denial of his oral motion to continue was error because he was deprived of his due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. Further, Appellant believed that the trial court did not recommend proper counsel for him, such as counsel associated with the Texas Department of State Health Services (formerly "Texas Department of Mental Health and Mental Retardation" or MHMR). He stated that the trial court refused to conduct a trial in his cases until he was on medication for his mental health issues.

---

[5] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the briefs, notified Appellant of his motions to withdraw, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate records. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

However, Appellant alleged, the trial court never ordered a mental health evaluation or spoke to a mental health professional. He stated that he believed that he should have been appointed a "mental [health] counsel[or]" on his behalf in order to help him understand the "procedures."

We have reviewed the record for reversible error and have found none. *See **Bledsoe v. State***, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw in all three cases. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motions for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motions for leave to withdraw are hereby ***granted***, and the trial court's judgments are ***affirmed***. *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgments to Appellant and advise him of his right to file a petition for discretionary review in each case. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 22 S.W.3d at 411 n.35. Should Appellant wish to seek further review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file petitions for discretionary review or he must file a pro se petition for discretionary review in these cases. *See **In re Schulman***, 22 S.W.3d at 408 n. 22. Any petitions for discretionary review must be filed within thirty days from the date of either this opinion, or if motions for rehearing are filed, the date that the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petitions for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petitions for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 22 S.W.3d at 408 n.22.

Opinion delivered October 21, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 21, 2020**

**NO. 12-19-00402-CR**

**CURTIS WAYNE BAGBY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

_____

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0986-16)

_____

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 21, 2020

NO. 12-19-00403-CR

**CURTIS WAYNE BAGBY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0987-16)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 21, 2020

NO. 12-20-00005-CR

**CURTIS WAYNE BAGBY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0988-16)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*